# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEAN ANN WRIGHT,**

      **Plaintiff,**

**v.**                                                                     Case No: 6:17-cv-1133-Orl-31GJK

**HOWMEDICA OSTEONICS CORP.,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 15) filed by the Defendant, Howmedica Osteonics Corp., (HOC), and the Response in Opposition (Doc. 16) filed by the Plaintiff, Jean Ann Wright.

According to the facts in the Complaint (Doc. 14), which are taken as true for the purposes of this order, Wright had a total hip replacement in 2013. As part of the procedure, a Restoration ADM System X3 Acetabular Insert manufactured by HOC was used. (*Id.* ¶ 7.) After the surgery, Wright felt pain, swelling, and "other symptoms associated with a defective acetabular insert." (*Id.* ¶ 8.)

Wright relies on these allegations to support a claim against HOC under the theory of strict products liability. But these allegations fall short of fulfilling the pleading requirements of Federal Rule of Civil Procedure 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (holding that conclusory allegations, unwarranted factual deduction, or legal conclusions masquerading as facts will not prevent dismissal).

To establish strict liability under Florida law, a plaintiff "must show the manufacturer's relationship to the product in question, the defect, the unreasonably dangerous condition of the product, and the existence of a proximate causal connection between the condition and the user's injuries or damage." *Levine v. Wyeth Inc.*, 684 F. Supp. 2d 1338, 1345 (M.D. Fla. 2010) (citing *Clark v. Boeing Co*, 395 So. 2d 1226, 1229 (Fla. Dist. Ct. App. 1981)).

Wright has merely alleged that HOC manufactured the acetabular insert, that the insert was used in a partial hip replacement she received, and that she suffered pain, swelling and other symptoms as a result. Wright has not identified the alleged defect or the unreasonably dangerous nature of the product.

It is, therefore,

**ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED**. If Wright wishes to amend her complaint, she may do so on or before August 24, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 10, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party